IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Samuel Jaquel Hill,      :
         Petitioner      :
     :
     v.      :
     :
Pennsylvania Parole Board,      : No. 103 C.D. 2024
         Respondent      : Argued: April 9, 2025

BEFORE:      HONORABLE RENÉE COHN JUBELIRER, President Judge
         HONORABLE PATRICIA A. McCULLOUGH, Judge
         HONORABLE ANNE E. COVEY, Judge
         HONORABLE MICHAEL H. WOJCIK, Judge
         HONORABLE CHRISTINE FIZZANO CANNON, Judge
         HONORABLE LORI A. DUMAS, Judge
         HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE[1]          FILED: August 10, 2026

Samuel Jaquel Hill (Hill) petitions for review of the Pennsylvania Parole Board's (Board) January 26, 2024 order (January 2024 Order) that affirmed the Board's January 3, 2024 decision (January 2024 Decision), which reaffirmed Hill's recalculated parole violation maximum sentence date of August 19, 2028, following a remand from this Court in *Hill v. Pennsylvania Parole Board* (Pa. Cmwlth., No. 134 C.D. 2023, filed December 20, 2023) (*Hill I*). After review, we vacate the Board's January 2024 Order and remand this matter to the Board.

---

[1] This case was reassigned to the authoring judge on May 14, 2026.

## BACKGROUND

On December 1, 2014, the Board released Hill on parole. Certified Record (C.R.) at 7. At the time of his release, Hill's maximum sentence date was May 25, 2022, and he had 2,732 days remaining on his sentence. *Id*. On October 12, 2018, the police charged Hill with drug-related offenses (Drug Charges). *Id*. at 22. On October 9, 2019, Hill pled guilty to possession of a controlled substance, and the Court of Common Pleas of Berks County (Sentencing Court) sentenced him to a term of incarceration of 11 ½ months minimum to 23 months maximum on the Drug Charges. *Id*. at 27.

On October 15, 2019, the police initiated criminal charges against Hill for unlawful possession of a firearm (Firearm Charge). *Id*. at 66-71, 120-25. The police arrested Hill on November 14, 2019, and a magisterial district judge set Hill's bail at $1,000, which Hill did not post. *Id*. at 104, 120-25. On August 26, 2021, Hill pled guilty to the Firearm Charge. *Id*. at 56, 111-112, 116-17. The trial court sentenced Hill to an 11½-month minimum to 23-month maximum term of incarceration and three years' probation (New Sentence) on the Firearm Charge. *Id*. at 116-17. In its Sentencing Order, the trial court provided: "Per stipulation, it is ordered that defendant is to receive credit of **367** days time served." *Id*. at 116.

In a decision dated January 11, 2022 (January 2022 Decision), the Board recommitted Hill as a convicted parole violator (CPV) to serve 18 months of backtime[2] for the Firearm Charge. *Id*. at 131. Additionally, the Board recalculated Hill's parole violation maximum sentence date as August 19, 2028, and did not

---

[2] The term backtime refers to "that part of an existing judicially[ ]imposed sentence which the [Parole] Board directs a parolee to complete following a finding[,] after a civil administrative hearing[,] that the parolee violated the terms and conditions of parole," and before the parolee begins to serve a new sentence. *Krantz v. Pa. Bd. of Prob. & Parole*, 484 A.2d 1044, 1047 (Pa. Cmwlth. 1984).

award him credit for time spent at liberty on parole, asserting the following reasons: he absconded; he was convicted of illegally possessing a weapon; and, he had poor supervision history despite interventions. *Id*. at 131-32.

In February 2022, Hill submitted an administrative remedies form challenging the Board's allocation of pre-sentence confinement credit and the denial of credit for time spent at liberty on parole. *Id*. at 134. Specifically, in relevant part, Hill asserted the Board erred by failing to credit all time Hill was detained solely on the Board's warrant after he presented uncontroverted evidence at his revocation hearing that, pursuant to a negotiated plea agreement accepted by the trial court, only 367 days of his presentence confinement in lieu of bail was to be applied to the New Sentence. *Id*.

The Board denied Hill's challenge in an order mailed January 27, 2023 (January 2023 Order). *See id.* at 139-41. In its January 2023 Order, the Board explained it paroled Hill on December 1, 2014, with a maximum sentence date of May 25, 2022, which left Hill with 2,732 days remaining on his original sentence. *Id*. at 140. The Board lodged a detainer against Hill on August 24, 2018. *Id*. Following his convictions and sentencings on the Drug Charges and the Firearm Charge, Hill received confinement credit from September 5, 2017, to December 4, 2017, for a total of 90 days, and from March 29, 2018, to May 1, 2018, for a total of 33 days. *Id*. The Board credited Hill with backtime from August 24, 2018, the date the Board detained him, *see id*. at 17, 40, to October 12, 2018, the date the police arrested Hill for the Drug Charges, for a total of 49 days. *Id*. at 18, 40. Additionally the Board credited Hill with backtime from October 22, 2019, the date Berks County Jail released Hill, to November 14, 2019, the date Hill was arrested on the Firearm Charge, for a total of 23 days. *Id*. Subtracting 123 days and 72 days from 2,732

days left 2,537 days remaining on Hill's sentence. *Id*. The Board indicated Hill's effective date of return was September 8, 2021, and it added 2,537 days to that date to yield a new parole violation maximum sentence date of August 19, 2028. *Id*.

Hill petitioned this Court for review. *See Hill I*. In *Hill I*, Hill argued the Board erroneously computed his parole violation maximum date by applying 651 days of pre-sentence confinement credit to his New Sentence in contravention of the plea agreement he entered, which stipulated that the Board would credit only 367 days against the new sentence, with the remaining 284 days to be applied to his original sentence. *Id*., slip op. at 2. The Board argued it correctly allocated Hill's backtime and confinement credit, asserting "[w]hile Hill may . . . have entered a plea deal that included 367 days of confinement at his new docket, . . . [r]eallocating credit based on Hill's belief that he thought more credit would be going to his backtime at the time of sentencing at his new charges would necessarily contradict the well-established rulings in *Gaito*[*v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568 (Pa. 1980),[3]] and *Smith* [*v. Pennsylvania Board of Probation and Parole*, 171 A.3d 759 (Pa. 2017)[4]]." *Id*. This Court concluded that the record

---

[3] In *Gaito*, the Pennsylvania Supreme Court held "if a defendant is being held in custody solely because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence. If a defendant, however, remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence." 412 A.2d at 571. In a footnote, the Court noted: "It is clear, of course, that if a parolee is not convicted, or if no new sentence is imposed for that conviction on the new charge, the pre-trial custody time must be applied to the parolee's original sentence." *Id*. at 404 n.6.

[4] In *Smith*, the Pennsylvania Supreme Court explained if a parole violator is in custody "prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence." 171 A.3d at 765. Additionally, if pre-trial confinement on new offenses does not exceed the length of the sentence imposed on those offenses, **(Footnote continued on next page…)**

4

concerning the plea agreement was unclear and remanded the matter to the Board "to determine the exact terms of the plea bargain, whether it [was] contained on the record, and whether the order of the sentencing court must be honored and [Hill] given the benefit of his plea bargain" (Remand Order). *Id.* at 4.

On remand, the Board issued its January 2024 Decision, which reaffirmed its maximum sentence date calculation from its January 2023 Order. The Board's January 2024 Decision provides as follows:

> WHEREAS, ON DECEMBER 20, 2023, THE COURT VACATED THIS BOARD'S [January 2023 Order] . . . .
>
> WHEREAS, THE COURT HELD THAT THE BASIS OF ITS ORDER IS ROOTED IN ITS DETERMINATION THAT THE RECORD OF THE ORIGINAL SENTENCING ORDER AND THE INTENT OF THE SENTENCING JUDGE WAS UNCLEAR.
>
> WHEREAS, PURSUANT TO MELHORN AND MCCRAY, WHERE A SENTENCING COURT DOES NOT GIVE AN INMATE FULL CREDIT FOR TIME SERVED, THE INMATE'S REMEDY IS IN THE TRIAL COURT AND THROUGH THE DIRECT APPEAL PROCESS, NOT THROUGH THE BOARD. . . .
>
> WHEREAS, EVEN IN INSTANCES WHERE THE COURT DETERMINES THAT THE TRIAL COURT ACCEPTED PLEA TERMS OR THAT A PLEA WAS BASED ON SPECIFIED TERMS THAT WERE NOT CODIFIED IN THE SENTENCING ORDER, SUCH A TERM WOULD NOT BE ENFORCEABLE AGAINST THE BOARD. . . .
>
> WHEREAS, THE DETERMINATION OF HOW TO APPLY PRE-SENTENCE CUSTODY WHEN A SENTENCE IS IMPOSED FOR A CRIME COMMITTED DURING THE PERIOD A DEFENDANT IS ON PAROLE IS VESTED WITH THE BOARD, NOT THE PROSECUTING ATTORNEY OR SENTENCING COURT. . . .

---

that time will be credited to the new sentence. *Id*. at 768-69 (discussing *Gaito* and *Martin v. Pa. Bd. of Prob. & Parole*, 840 A.2d 299, 308-09 (Pa. 2003)).

> WHEREAS, IT IS WELL ESTABLISHED THAT BACKTIME SHALL BE CREDITED TO A CONVICTED PAROLE VIOLATOR'S ORIGINAL TERM ONLY WHEN HE HAS SATISFIED BAIL REQUIREMENTS FOR THE NEW OFFENSE AND, THUS, REMAINS INCARCERATED SOLELY BY REASON OF THE BOARD'S DETAINER. . . .

C.R. at 148-49 (capitalization in original). The Board outlined its sentencing calculation as it did in its January 2023 Order and reaffirmed its parole violation maximum sentence date of August 19, 2028. *Id*.

Following the Board's January 2024 Decision, Hill filed an administrative remedies form asserting the Board ignored this Court's Remand Order and erred by failing to give him credit for pre-sentence confinement he bargained for in his plea agreement with the Commonwealth on the Firearm Charge. *Id*. at 152. The Board issued its January 2024 Order affirming its January 2024 Decision. In its January 2024 Order, the Board explained, in relevant part:

> [**T**]**he record contains no reference to a plea bargain.** It was a reference in the record to a plea bargain that triggered the decision in *Feilke* [*v. Pennsylvania Board of Probation and Parole*, 648 A.2d 121 (Pa. Cmwlth. 1994)] to remand the case to the Board to flesh out the details of the plea bargain mentioned in the record . . . Hence, **there is no such mention of a plea agreement in the record.** On the contrary, the sentencing order lays out in clear and plain fashion [Hill's] sentence and probation order . . . Moreover, the parole release document sets forth the terms of [Hill's] automatic release from Berks County. . . Accordingly, **without a reference to a plea agreement at all**, let alone one of uncertain terms, the Board finds the sentencing orders to stand on their own merits. Should [Hill] wish to contest his sentence based on reasons not established in the record, he is free to do so through the Post Conviction Relief Act as deemed appropriate under *Zuber* and its progeny.

*Id*. at 160 (emphasis added). Thus, the Board asserted it properly recalculated Hill's parole violation maximum sentence date. *Id*.

6

Hill now petitions this Court for review of the Board's January 2024 Order.[5] Hill argues the Board erred by recalculating his parole violation maximum sentence date by "voiding the plea agreement he made with the Commonwealth relative to the distribution of credit for time served between" his New Sentence and state parole backtime. Hill's Br. at 4. In response, the Board asserts it properly recalculated Hill's parole violation maximum sentence date. Board's Br. at 7. The Board contends Hill's argument that he is entitled to the benefit of his plea bargain relies entirely on his own account and recollection of the intent behind his plea bargain. *Id*. The Board asserts it was justified in relying upon the contents of the available sentencing and parole documents in its record. *Id*.

## DISCUSSION

"This Court's review over actions of the Board is limited to determining whether the decision was supported by substantial evidence, whether an error of law occurred or whether constitutional rights were violated." *Brown v. Pa. Bd. of Prob. & Parole*, 184 A.3d 1021, 1023 n.5 (Pa. Cmwlth. 2017).

Before this Court can address the merits of Hill's arguments, we must have a sufficient record upon which to base our review. The lack of clarity in the record regarding the plea agreement is the reason this Court remanded the matter to the Board in *Hill I*. *See Hill I*, slip op. at 4. The Board seemingly understood this Court's reasoning, acknowledging in its January 2024 Decision that the Remand Order was "rooted in its determination that the record of the original sentencing order and the intent of the sentencing judge was unclear." C.R. at 148. However, rather than provide the clarification sought by this Court, the Board advances in its January 2024 Order that "the record contains no reference to a plea bargain" and "there is no such

---

[5] As of February 20, 2026, Hill has been re-paroled. *See* Inmate Locator, https://inmatelocator.cor.pa.gov/#/ParoleeSearchResults (last visited 8/7/2026).

7

mention of a plea agreement in the record." *Id*. at 160. That assertion is contradicted by the record itself. Specifically, the Sentencing Order provides credit for time served "per stipulation" and the "Neg. plea" box is checked. *See id.* at 116. Thus, while the record does not provide the substance or terms of any agreement, it plainly contains references to the existence of one. Thus, the Board's January 2024 Order appears to be at odds with the record, and the Board offers no explanation for that inconsistency. Accordingly, by failing to address the specifics of the plea bargain as directed, the Board's January 2024 Order fails to comply with this Court's Remand Order.

## CONCLUSION

The Board's failure to comply with this Court's Remand Order inhibits our ability to conduct meaningful appellate review in this matter. Therefore, we vacate the Board's January 2024 Order and remand the matter to the Board. On remand, the Board shall obtain and review the Sentencing Court's record, including the transcript of Hill's 2021 plea colloquy and consequent sentencing, to determine the exact terms of any plea agreement between Hill and the Commonwealth, and shall issue a new decision. In that new decision, the Board must address whether the plea agreement includes the terms alleged by Hill, specifically regarding any allocations of time credit, and, if so, whether those terms are enforceable against the Board.

 

 

 

_____
STACY WALLACE, Judge

 

Judge Fizzano Cannon concurs in the result only.
Judge Dumas concurs in the result only.

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Samuel Jaquel Hill,                      :
                     Petitioner     :
                                   :
          v.                               :
                                     :
Pennsylvania Parole Board,               : No. 103 C.D. 2024
                     Respondent     :

# **O R D E R**

**AND NOW**, this 10th day of August 2026, the Pennsylvania Parole Board's January 26, 2024 order is **VACATED**, and this matter is **REMANDED** for further proceedings consistent with this Memorandum Opinion.

Jurisdiction relinquished.

_____

STACY WALLACE, Judge